GALUEGA of Vatia and SUA of Afono, Plaintiffs

v.

FASIA VAIFANUA of Afono, Defendant

No. 2-1960

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Matagaono" of Afono]

March 7, 1960

---

ARTHUR A. MORROW, *Chief Judge;* APE, *Associate Judge;* and TAUALA, *Associate Judge.*

OPINION AND DECREE

Heard at Fagatogo on December 29 and 30, 1959, before MORROW, *Chief Judge,* and APE and TAUALA, *Associate Judges.*

A. P. Lauvao, Counsel for Galuega.

Tali, Counsel for Fasia Vaifanua.

OPINION OF THE COURT

MORROW, *Chief Judge.*

Fasia Vaifanua filed his application with the Registrar of Titles to be registered as the holder of the matai title Matagaono, attached to the Village of Afono. Objections to the proposed registration were filed severally by Galuega and Sua, each of the objectors becoming a candidate for the title. Hence, this litigation. See Section 932 of the A. S. Code.

At the opening of the hearing Sua withdrew his objection and ceased to be a candidate and a party in the case.

Section 926 of the A. S. Code as amended prescribes the qualifications for holding a matai title or name. We find

409

that both Vaifanua and Galuega meet these qualifications and that each of them is eligible to be registered as the holder of a matai title or name.

Section 933 of the A. S. Code as amended prescribes the law which the Court shall follow in determining which one of the opposing candidates for a matai name shall be registered as its holder. It reads as follows:

"Section 933. Consideration Given by Court: In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(b) The wish of the majority or plurality of the family;

(c) The forcefulness, character, personality and capacity for leadership of the candidate;

(d) The value of the holder of the matai name to the Government of American Samoa."

Throughout this opinion, we shall refer to Matagaono as Gaono. It was so referred to by the parties while on the witness stand.

With respect to the issue of hereditary right, the undisputed testimony shows that Vaifanua is the blood son of Gaono Laifa and that Galuega is the great-great grandson of Gaono Sinamataala. Vaifanua has one-half Gaono blood while Galuega has one-sixteenth Gaono blood. It follows, therefore, that Vaifanua prevails over Galuega on the issue of hereditary right, and we so find.

Each of the two remaining candidates (candidate Sua withdrew) filed a petition with the Court purporting to be signed by those blood members of the Gaono Family favoring his candidacy for the title. There were 108 signers on the petition for Galuega and 336 on the petition for Vaifanua.

Vaifanua admitted that 63 of the 108 signers on Galuega's petition were blood members but denied that the other

45 were. Galuega admitted that 56 of the 336 on Vaifanua's petition were blood members but said that the remaining 280 were either not blood members or children who were blood members but under 14 years of age. Each of the candidates testified that all of the signers on his own petition were blood members.

Our view is that the weight of evidence is to the effect that a number of the 280 are not blood members. We think that a number of them are married persons to the family and without Gaono blood in their veins. Also we think that a number of children under 14 years of age, although actually blood members, are included in the 280. We have repeatedly held in matai name cases that a child under 14 is too young to express an intelligent opinion as to whom he wishes to be the matai where there is a vacancy in the title. And we think that a number of those on Vaifanua's petition who did not indicate thereon descent from a Gaono may not be blood members. However, it is not probable that every one of those who did not so indicate committed a fraud when he signed for Vaifanua. We have considered all of the evidence on the issue of the "wish of the majority or plurality of those blood members of the family related by blood to the title," and it is our conclusion that a majority of the blood members of the family favor Vaifanua. We find for Vaifanua on this issue.

Vaifanua is 62 years of age. He completed the fifth grade in a mission school in Afono and then had about a year's schooling in a Government school. He does not speak English, although he knows a few English words. After his schooling, he rendered service to his matai and worked on family plantations. He was the pulenuu of his village for two years. Vaifanua has held a matai title for more than 20 years. He has been generous with his fellow villagers in permitting them to use his boat without charge. Also he has furnished the village with an umuti when there was a

411

shortage of food in the village. He raises tobacco and sells $80.00 to $100.00 worth of it a year. He sells a pig occasionally; also some chickens. He estimated his income from pigs and chickens at $22.00 during the last year.

Galuega is 43 years of age. After graduation from Poyer School, he attended Fagalele School for one year. Subsequent to his attendance at Fagalele, he attended Leulumoega School in Upolu for three years. He then returned to his home in Afono and worked on family plantations. When the war broke out, he enlisted in the Samoan Marines. Subsequent to his discharge at the end of the war, he attended the vocational school established for war veterans in American Samoa for four years, studying carpentry. After graduation from the vocational school, Galuega returned to his home in Afono and looked after family plantations. He then got a job at the Van Camp fish cannery and worked there for a couple of years. He has been a policeman since last April. Galuega speaks English quite well. He earns $43.76 a month as a policeman. He has a son who works at the Van Camp fish cannery. His son gives Galuega his pay checks, which vary from $25.00 to $50.00 a week. This money is used by Galuega for family purposes, as is the custom in Samoa. Galuega also sells mats woven by the women in his family from pandanus grown on family plantations. Galuega is not a matai title. However, Galuega is the holder of the matai name Alavatualua which is attached to the Village of Vatia. Galuega has been active in church affairs in Afono, having been a deacon from 1950 to 1959. He has composed songs for use in ceremonies at the church and was a choir leader for four years.

The Court had an excellent opportunity to observe the personalities of the two candidates during the hearing. Our finding, based upon the evidence and our observations, is to the effect that Galuega prevails over Vaifanua on the issue of forcefulness, character, personality and capacity for leadership.

We shall now consider the fourth issue, viz., the value of the holder of the matai name to the Government of American Samoa. Generally speaking, the value of a matai depends primarily upon his ability to handle the affairs of his family well. And this in turn depends upon his forcefulness, character, personality, and capacity for leadership. We have so stated numerous times in deciding matai name cases. See *Faamalolo v. Liligo Letuli*, No. 25-1956 (H.C. of Am. S.); *I. Malaga v. Mase Molioo*, No. 4-1957 (H.C. of Am. S.); *Soonapu v. Salapu*, No. 3-1958 (H.C. of Am. S.); *Pito Tufono v. Kisi*, No. 17-1958 (H.C. of Am. S.). As a general rule, the better a matai looks after the affairs of his family the more value he is to the Government. It is our conclusion from the evidence, and we so find on this issue, that Galuega would be of more value to the Government as the holder of the Gaono title than would Vaifanua.

However, Section 933, above quoted, provides that the Court in deciding matai name cases "shall be guided by the following in the *priority* (emphasis added) listed:" which means that the four issues shall be given weight in a descending order, i.e., that more weight shall be given to hereditary right than to the wish of the family, and so on down, giving the least weight to the issue of value to the Government.

It follows, therefore, that Vaifanua, having prevailed on the first two issues, should be awarded the title. However, it will be necessary for him to resign from the Vaifanua title prior to being registered as the holder of the Gaono title. He cannot hold two matai titles at the same time.

### DECREE

Accordingly, it is ORDERED, ADJUDGED and DECREED that Fasia Vaifanua shall be registered as the holder of the matai name Matagaono, attached to the Village of Afono, subject to the condition that he file with the

413

Registrar of Titles within two weeks from March 7, 1960, the date of this decree, his resignation from the matai name Vaifanua, attached to the Village of Afono.

Costs in the sum of $37.50 are hereby assessed against Galuega, the same to be paid within 30 days.